UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAMELLIA GRILL HOLDINGS, INC.** | * | **CIVIL ACTION NO. 13-5148** |
|         Plaintiff | * | |
| | * | **SECTION: H** |
| | * | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE: 1** |
| **NEW ORLEANS CITY, ET AL.** | * | **MAG. SALLY SHUSHAN** |
|         Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ORDER AND REASONS

The matter before the Court is a Motion for Preliminary Injunction filed by Plaintiff, Camellia Grill Holdings, Inc. ("CGH"). (Doc. 6.) For the following reason the Motion is DENIED.

### BACKGROUND

Plaintiff, CGH is the owner/licensor of trademarks related to the restaurant operation known as "The Camellia Grill." Plaintiff avers that it has trademarked the facade of the Camellia Grill located at 626 South Carrollton Avenue, and that this is solely the intellectual property of CGH.

-1-

Camellia Grill, Inc. ("CGI"), a separate entity from CGH, operated The Camellia Grill until Hurricane Katrina. Subsequent to Hurricane Katrina, Michael Shwartz sold the building housing The Camellia Grill to Rano, LLC ("Rano"). A separate licensing agreement was entered into with Grill Holdings, LLC ("Grill Holdings") wherein Grill Holdings acquired the rights to use the trademarks in restaurant operations as well as on buildings housing any Camellia Grill units. Plaintiff, CGH, has never been the owner of the building located at 626 South Carrollton Avenue.

On July 19, 2012 the Grill Holdings-CGH licensing agreement was terminated by a judgment issued by Orleans Parish Civil District Court. This decision was appealed to the Louisiana Fourth Circuit Court of Appeal, which affirmed the District Court. Grill Holdings subsequently filed an application with the Louisiana Supreme Court on July 19, 2013. The application to the Louisiana Supreme Court remains pending as of August 15, 2013.

On June 11, 2013 CGH learned that there was a proposal to award historic landmark status to the building located at 626 South Carrollton Avenue. The building is currently owned by Rano. On June 15, 2013 the Historic District Landmarks Commission ("HDLC") sent a letter to Rano notifying it that its building located at 626 South Carrollton Avenue would be nominated as a historical landmark at its August 15, 2013 meeting.

On July 23, 2013 CGH filed a Complaint against Grill Holdings and the City of New Orleans alleging trademark infringement and deprivation of property rights without due process. (Doc. 1.) On July 24, 2013 CGH filed a Motion for Preliminary Injunction. (Doc. 6.) The Court held a hearing

on the preliminary injunction on August 14, 2013 and took the Motion under submission at that time.

**LEGAL STANDARD**

An applicant for preliminary injunctive relief must show: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted; (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) granting the preliminary injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003). A preliminary injunction is an extraordinary remedy. *Miss. Power & Light Co. v. United Gas Pipe Line*, Co., 760 F.2d 618, 621 (5th Cir. 1985). Accordingly, a preliminary injunction which should only be granted the party seeking it has clearly carried the burden of persuasion on all four requirements. *Id.* In the end, a preliminary injunction is treated as an exception rather than the rule. *St. of Tex. v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975).

**LAW AND ANALYSIS**

I.   *Arguments of the Parties*

Plaintiff alleges that if HDLC designates the building as a historic landmark, CGH would be unable to require the removal of the facade mark at the termination of the license agreement.

Plaintiff avers that the continued use of the building located at 626 South Carrollton would constitute trademark infringement and a violation of the contractually agreed to by CGH and Holdings.

The City of New Orleans argues that the issue before the Court is not ripe. Specifically, the City of New Orleans argues that before bringing suit, a property owner must allow for an administrative process to determine whether a taking has occurred. In the instant matter Plaintiff filed suit at the beginning of the administrative process, and because this is inappropriate the instant matter must be dismissed for lack of jurisdiction. Even if this Court has subject matter jurisdiction, Plaintiff fails to meet the high burden to show the elements of infringement by the City of New Orleans.

Grill Holdings argues that there is no substantial likelihood of prevailing on the merits as Grill Holdings is not the owner of the property in question; that there is no irreparable harm because Grill Holdings continues to pay under the licensing agreements pending the writ application to the Louisiana Supreme Court; that Grill Holdings will suffer irreparable harm if the injunction is granted because it is not the legal owner of the property in question; and that the public interest will be disserved because a worthy property should be able to receive a historic landmark designation.

II.     *Analysis*

To succeed in a trademark infringement claim, a party must first show that it has a

protectable right in the mark and, second, show that there is a likelihood of confusion between the marks. *Paulsson Geophysical Servs., inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008) (citation omitted). To obtain an injunction for trademark infringement, a party

> [f]irst . . . must prove that the name he seeks to protect is eligible for protection. He must then prove he is the senior user . . . [H]e must then show a likelihood of confusion between his mark and that of the defendant. Finally, . . . he must show that the likelihood of confusion will actually cause him irreparable injury for which there is no adequate legal remedy.

*Id.* (citing *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 844 (5th Cir.1990)).

For multiple reasons the Court finds that Plaintiff's Motion for Preliminary Injunction fails. The Court finds that Plaintiff fails to show that there is a substantial likelihood that it will prevail on the merits and that there is a substantial threat that it will suffer irreparable harm if the injunction is not granted.  Because an applicant for a preliminary injunction must carry the burden on all four elements, the Court pretermits discussion on all but the second element.

The Court finds that there is not a substantial threat that the Plaintiff will suffer irreparable harm if the injunction is not granted.  "Irreparable harm requires a showing that: (1) the harm to Plaintiffs is imminent (2) the injury would be irreparable and (3) that Plaintiffs have no other adequate legal remedy." *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F.Supp.2d 603, 608 (N.D. Tex. 2006) (citation omitted).  "In the context of a claim for trademark infringement under the Lanham Act, the Fifth Circuit has declined to presume the existence of irreparable harm." *Id.* at 608–09

(citing *Plains Cotton Coop. Ass'n of Lubbock, Tex. v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1261 (5th Cir. 1987)).

The Court finds that the harm to the Plaintiff is not imminent. Specifically, the matter before the Court is premature, as the August 15, 2013 meeting is to discuss whether the property located at 626 South Carrollton Avenue will be considered for nomination as a local historic landmark. As counsel highlighted, there is an opportunity during this meeting for objections to be made in which Plaintiff will be able to adequately assert its rights. It is clear from the evidence presented that the August 15th meeting is merely preliminary, and a designation process will begin if, and only if, the nomination is considered. The Court further highlights that there remains pending litigation in the Louisiana state courts in which the parties are awaiting ruling from the Louisiana Supreme Court concerning the Grill Holdings-CGH Licensing Agreement.

In the end, courts have consistently held that:

> [d]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief. Evidence of an undue delay in bringing suit may be sufficient to rebut the presumption of irreparable harm.

*Id.* at 609 (citation and quotations omitted). Further, the purpose of the preliminary injunction is to maintain the status quo and preserve the conditions of the parties prior to suit. *See Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997). Based on the this well established law, the

Court finds that issuing a preliminary injunction would be in direct contravention of the jurisprudence of this court. Accordingly, Plaintiff's Motion for Preliminary Injunction is denied.

**CONCLUSION**

For the foregoing reasons, the Motion for Preliminary Injunction filed by Plaintiff, Camellia Grill Holdings, Inc. (Doc. 6) is DENIED.

New Orleans, Louisiana this 15th day of August, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**