UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CAMELLIA GRILL HOLDINGS, INC                                CIVIL ACTION

VERSUS                                                      NO: 13-5148

NEW ORLEANS CITY, ET AL                                     SECTION: "H"(1)


### ORDER AND REASONS

Before the Court are a Motion to Dismiss filed by the City of New Orleans (Doc. 15), a Motion to Dismiss filed by Grill Holdings, LLC ("Grill Holdings") (Doc. 19), and a Motion for Voluntary Dismissal filed by Plaintiff (Doc. 22).  For the following reasons, Plaintiff's Motion is GRANTED, this matter is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(a)(1), and the remaining motions are DENIED AS MOOT.

1

**BACKGROUND**

Plaintiff filed this claim for trademark infringement along with a request for a preliminary injunction. In lieu of answering, Defendants filed motions to dismiss pursuant to Rule 12. After the Court denied the preliminary injunction, Plaintiff filed the instant Motion seeking voluntary dismissal of this matter pursuant to Rule 41(a)(1).

**LEGAL STANDARD**

Rule 41(a)(1) provides that, subject to certain exceptions not applicable here, a plaintiff may voluntarily dismiss his action anytime before the opposing party serves an answer or motion for summary judgment. Fed. R. Civ. Pro. 41. "The plaintiff has an absolute right to a Rule 41(a)(1) dismissal, and [t]he effect of [a Rule 41(a)(1)] dismissal is to put the plaintiff in a legal position as if he had never brought the first suit." *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005) (internal quotations marks omitted) (alterations in original). "Moreover, the first time a plaintiff voluntary dismisses his claim, it is without prejudice." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013).

**LAW AND ANALYSIS**

It is undisputed that Plaintiff filed his request for a Rule 41(a)(1) dismissal before either Defendant answered or filed a motion for summary judgment. Nonetheless, Defendant Grill

2

Holdings opposes Plaintiff's request. Grill Holdings filed its Motion to Dismiss on August 13, 2013. Plaintiff filed its request for a 41(a)(1) dismissal on August 19, 2013. Grill Holdings filed a reply brief in support of its Motion to Dismiss on August 26, 2013 in which Grill Holdings requested that this Court convert its Motion to Dismiss into a Motion for Summary Judgment pursuant to Rule 12(d).[1] Grill Holdings concedes that it asks this Court to retroactively convert its Motion to Dismiss into a motion for summary judgment solely in order to prevent Plaintiff from obtaining a voluntary dismissal. The Court declines Grill Holdings' invitation. Rule 41(a)(1) affords Plaintiff an absolute right to dismiss its complaint so long as an answer or motion for summary judgment has not been filed. Allowing Defendant to retroactively convert its Motion to Dismiss into a motion for summary judgment would only serve to eviscerate the absolute right guaranteed by Rule 41. Because no answer or motion for summary judgment was filed at the time Plaintiff requested voluntary dismissal, the Court will permit Plaintiff to exercise its 41(a)(1) right.

---

[1] Grill Holdings also argues that this Court must consider its Motion to Dismiss as a motion for summary Judgment because matters outside the pleadings were considered on the Motion for Preliminary Injunction. This argument is wholly without merit for two reasons. First, even if the Court were presented with matters outside the pleadings in connection with the Motion to Dismiss, it has the discretion to exclude those matters from consideration and decline to convert the motion under Rule 12(d). Furthermore, Rule 12(d) is only applicable to motions to dismiss and thus any matters the Court may have considered in connection with the Motion for Preliminary Injunction are irrelevant.

**CONCLUSION**

For the foregoing reasons, Plaintiff's request for a voluntary dismissal pursuant to Rule 41(a)(1) is GRANTED.  This matter is DISMISSED WITHOUT PREJUDICE.  All remaining motions are DENIED AS MOOT.

New Orleans, Louisiana, this 9th day of December, 2013.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

4